UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LYNN A. ROWE,

                Plaintiff,

   -against-                                                        1:11-CV-1150 (LEK/CFH)

NEW YORK STATE DIVISION OF
THE BUDGET, *et al.*,

                Defendants.

## AMENDED DECISION and ORDER

**I.    INTRODUCTION**[1]

*Pro se* Plaintiff Lynne Rowe ("Plaintiff") commenced this action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213, claiming that she was discriminated against on account of her disability and retaliated against for engaging in protected activity. Dkt No. 1 ("Original Complaint"). In her Original Complaint, Plaintiff named the New York State Division of the Budget ("DOB," or "Defendant"), James Kiyonaga, her former supervisor, and Thomas Wood, Assistant Unit Head of the Expenditure Debt Unit, as defendants. Original Compl. at 1-3. Plaintiff later withdrew the Original Complaint and filed an Amended Complaint that named only the DOB. Dkt. No. 16 ("First Amended Complaint"). After Defendant moved to dismiss the First Amended Complaint on Eleventh Amendment sovereign immunity grounds, Plaintiff cross-moved to amend the First Amended Complaint to include a request for injunctive relief against Robert Megna, the Director of the DOB, and Mr. Wood, thereby allowing her to take advantage of the exception to

---

[1] The Court assumes the parties' familiarity with the facts and history of this case, a more detailed discussion of which is contained in the Court's Decision and Order of September 17, 2012. Dkt. No. 26.

sovereign immunity established by Ex Parte Young, 209 U.S. 123 (1908). Dkt. No. 20 ("Cross-Motion") at 1-2. Plaintiff attached a signed copy of her proposed Second Amended Complaint. Dkt. No. 20-2 ("Second Amended Complaint").

On September 17, 2012, the Court granted Defendant's Motion to dismiss the First Amended Complaint on sovereign immunity grounds, but reserved decision on Plaintiff's Cross-Motion. Dkt. No. 26 ("September Order"). The Court found that amending the First Amended Complaint to assert a disability discrimination claim against Mr. Wood and Mr. Megna would be futile, but that amending it to include a claim for retaliation would not. Id. However, because it was unclear whether Plaintiff's proposed Second Amended Complaint sought any available relief for her alleged injuries, it remained unclear whether Plaintiff had identified an actual injury likely to be redressed by a favorable judicial decision as required for Article III standing. Id. at 11-12. The Court therefore determined that it might lack subject matter jurisdiction over Plaintiff's claims, and reserved decision on the Cross-Motion pending further briefing on the issue of subject matter jurisdiction. Id.

Having reviewed the parties' additional submissions, the Court grants in part Plaintiff's Cross-Motion for leave to file the Second Amended Complaint.

## II. LEGAL STANDARD

A motion to amend a complaint is governed by Rule 15(a) of the Federal Rules of Civil Procedure, which provides that "leave [to amend] shall be freely given when justice so requires." FED. R. CIV. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962); Manson v. Stacescu, 11 F.3d 1127, 1133 (2d Cir. 1993). Nevertheless, it is appropriate for leave to be denied where the proposed amendment would be futile, such as where the proposed amendment would be subject to dismissal

under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. See Foman, 371 U.S. at 182; Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993); Ruiz v. Suffolk Cnty. Sheriff's Dep't, No. 03-cv-3545, 2008 WL 4516222, at *2 (E.D.N.Y. Oct. 2, 2008) (leave to amend should be denied where the claim is "clearly frivolous or legally insufficient on its face") (internal quotation marks and citation omitted); Benfield v. Mocatta Metals Corp., No. 91-cv-8255, 1992 WL 177154, at *1 (S.D.N.Y. July 13, 1992) ("If a proposed amendment would be insufficient to withstand a motion to dismiss, it is futile and leave to amend should be denied.").

To survive a motion to dismiss pursuant to Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also FED. R. CIV. P. 12(b)(6). A court must accept as true the factual allegations contained in a complaint and draw all inferences in favor of a plaintiff, see Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006), and a *pro se* complaint is to be read liberally, Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991). A complaint may be dismissed pursuant to Rule 12(b)(6) only where it appears that there are not "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plausibility requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Id. at 556. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at

3

555). Where a court is unable to infer more than the mere possibility of the alleged misconduct based on the pleaded facts, the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. See id. at 678-79.

## III. DISCUSSION

### A. Plaintiff's Retaliation Claim

A retaliation claim under the ADA requires four elements: (1) the plaintiff engaged in activity protected by the ADA; (2) the employer was aware of that activity; (3) the employer took adverse action against the plaintiff; and (4) there is a causal connection between the adverse action and the protected activity. Treglia v. Town of Manlius, 313 F.3d 713, 719 (2d Cir. 2002); Chiesa v. N.Y.S. Dep't of Labor, 638 F. Supp. 2d 316, 323 (N.D.N.Y. 2009). In determining whether adverse action has occurred, the anti-retaliation provisions of the ADA "cover a broad range of employer conduct, prohibiting any 'materially adverse' activity that might 'dissuade[] a reasonable worker from making or supporting a charge of discrimination.'" Lewis v. Erie Cnty. Med. Ctr. Corp., 907 F. Supp. 2d 336, 350 (W.D.N.Y. 2012) (quoting Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006) (alteration in original)).

Plaintiff alleges that her employer retaliated against her by: (1) refusing to promote her to the position of Grade 23 Senior Budget Examiner; (2) excluding her from meetings, trainings and projects; and (3) changing her position/job title. Second Am. Compl. at 7, 12-18, 20. In the September Order, the Court found that these constitute adverse employment actions. Sept. Order at 10. Defendant nevertheless argues that amending the complaint is futile because Plaintiff does not allege that she applied for a promotion to a specific position for which she was qualified, and

therefore has not properly alleged an adverse employment action. Dkt. No. 28 ("Defendant's Brief") at 2-3. This argument fails for three reasons.

First, Defendant's argument relies on decisions discussing the elements of a claim of *discriminatory* failure to promote. See id. (citing Graziosac v. New York City, 29 Fed. App'x 691, 693 (2d Cir. 2002); Brown v. Coach Stores, Inc., 163 F.3d 706, 710 (2d Cir. 1998); and Miller v. Taco Bell Corp., 204 F. Supp. 2d 456, 464 (E.D.N.Y. 2002)). However, Plaintiff has also alleged a *retaliatory* failure to promote, and there are different standards for an adverse action under these two types of claims. See Thompson v. N. Am. Stainless, LP, 131 S.Ct. 863, 867-68 (2011); White, 548 U.S. at 68. The standard for adverse action under the anti-retaliation provisions "has been found to be broader than that applied to a claim of disparate treatment, and may include actions which do 'not directly or immediately result in any loss of wages or benefits . . . .'" Lewis, 907 F. Supp. 2d at 350 (quoting Millea v. Metro-North R.R. Co., 658 F.3d 154, 165 (2d Cir. 2011)); see also Thompson, 131 S.Ct. at 867-68; White, 548 U.S. at 68.

Second, even under the rule articulated by Defendant, Plaintiff has adequately alleged that she applied for a promotion and her application was denied.[2] Defendant contends that Plaintiff "does not allege that she applied for a specific promotion." Def.'s Br. at 3. However, the Second Circuit has held that the requirement that a plaintiff alleging discrimination based on a failure to promote show that she applied for the specific job at issue does not apply where the plaintiff "indicate[d] to the employer an interest in being promoted to a particular class of positions, but was

---

[2] Although Plaintiff has pleaded sufficient facts to show that her non-promotion constitutes an adverse employment action under the discrimination claim standard, her discrimination claim nevertheless fails because, as explained in the September Order, Plaintiff's factual allegations do not sufficiently show that disability discrimination motivated the adverse actions. Sept. Order at 9-10.

5

unaware of specific available positions because the employer never posted them." Mauro v. S. New Eng. Telecomm., Inc., 208 F.3d 385, 387 (2d Cir. 2000); see also Williams v. R.H. Donnelley, Corp., 368 F.3d 123, 129 (2d Cir. 2004). Plaintiff alleges that she passed the required promotional examination but was nevertheless "passed over" for promotion. Second Am. Compl. at 7. The purported justification for the refusal to promote her was her allegedly deficient job performance, not her failure to respond to a specific job posting. Id. at 7, 9. There is therefore nothing in the proposed Second Amended Complaint contradicting Plaintiff's assertion that she took the necessary steps to apply for the promotion.[3] See Dkt. No. 30-1 at 1.

Third, even if Plaintiff is ultimately unable to prove that the failure to promote her to Grade 23 constituted a retaliatory adverse action, Defendant's "course of action in excluding Plaintiff from various meetings, projects and trainings and in changing Plaintiff's title" might nevertheless represent adverse actions supporting her retaliation claim.[4] Sept. Order at 10.

---

[3] Defendant also argues that the existence of negative performance reviews demonstrates that Plaintiff is not qualified for promotion. Def.'s Br. at 3. However, Plaintiff alleges that the content of the performance reviews is false. Second Am. Compl. at 7-11. Because the Court assumes the truth of Plaintiff's allegations at this stage of the litigation, Defendant's contrary factual assertions are not relevant.

[4] Defendant argues that because Plaintiff has not properly alleged a failure-to-promote claim, an injunction ordering promotion does not constitute available relief and the Court therefore lacks subject matter jurisdiction. Def.'s Br. at 2. However, given that Plaintiff alleges that the practice of exclusion from meetings has interfered with her opportunities for promotion and advancement, Second Am. Compl. at 12; Pl.'s Br. at 5, this injury alone might support a grant of injunctive relief ordering her promotion. See Muller v. Costello, 997 F. Supp. 299, 305 (N.D.N.Y. 1998), aff'd, 187 F.3d 298 (2d Cir. 1999) ("It is the duty of the district court, after a finding of discrimination, to place the injured party in the position he or she would have been absent the discriminatory actions.").

6

The Court finds that Plaintiff's proposed Second Amended Complaint sufficiently alleges adverse action supporting a claim for retaliation. The remaining question is whether Plaintiff has requested available relief such that the Court has subject matter jurisdiction over her claim.

**B. Plaintiff's Requested Relief**

Under the Eleventh Amendment, federal courts cannot hear suits by private individuals seeking monetary damages from a state for violations of the ADA's employment discrimination provisions. Bd. of Trs. of the Univ. of Ala. v. Garrett, 531 U.S. 356, 374 (2001). Eleventh Amendment immunity also extends to claims alleging retaliation for complaining of such discrimination. Shepherd v. N.Y.S. Office of Mental Health, No. 10 CV 837A, 2013 WL 636178, at *4 (W.D.N.Y. Jan. 29, 2013); Emmons v. City Univ. of N.Y., 715 F. Supp. 2d 394, 408 (E.D.N.Y. 2010); Chiesa v. N.Y. Dep't of Labor, 638 F. Supp. 2d 316, 323 (N.D.N.Y. 2009). However, under Ex parte Young, the Eleventh Amendment does not preclude suits for prospective injunctive relief from continuing violations of federal law brought against state officers in their official capacities. Garrett, 531 U.S. at 374 n.9; Henrietta D. v. Bloomberg, 331 F.3d 261, 287 (2d Cir. 2003).

Plaintiff's proposed Second Amended Complaint seeks prospective injunctive relief directing Mr. Megna and Mr. Wood to "instruct apporiate [sic] staff to remove performance reviews done by Thomas Wood which contain [sic] false statements and to granting the Grade 23." Second Am. Compl. at 21.[5] In the September Order, the Court found that the performance reviews,

---

[5] Plaintiff also seeks "an order for Thomas Wood . . . to cease all discriminatory/retalitory [sic] behavior, including exclusion from work projects, meetings, and job specific trainings that allow myself to compete equally for promotions denied to myself based on the exclusionary practices of my supervisors." Second Am. Compl. at 21. In the September Order, the Court found that this requested relief amounted to "little more than an 'obey the law' injunction" and therefore

standing alone, do not constitute adverse actions, and that there is therefore no basis for directing their removal. Sept. Order at 7-8, 12. The Court also noted that it is unclear whether Plaintiff's reference to Grade 23 relates to the requested removal of the performance reviews, or whether that reference represents a separate request for some other form of relief. Id. at 12 n.5.

In response to the September Order, Plaintiff submitted a brief clarifying that she seeks promotion to Grade 23 as an independent form of relief. Dkt. No. 27 ("Plaintiff's Brief") at 1-2. Based on this clarification, and in light of Plaintiff's *pro se* status, the Court construes the proposed Second Amended Complaint as seeking an injunction ordering Mr. Wood and Mr. Megna to promote Plaintiff to the Grade 23 position. This request for relief brings Plaintiff's retaliation claim within the exception of Ex Parte Young, thereby conferring subject matter jurisdiction over this action. See, e.g., Fikse v. Iowa Third Jud. Dist. Dep't of Corr. Svcs., 633 F. Supp. 2d 682, 693 (N.D. Iowa 2009) (finding complaint seeking promotion sufficient to withstand motion to dismiss on sovereign immunity grounds); cf. State Emps. Bargaining Agent Coal. v. Rowland, 494 F.3d 71, 96 (2d Cir. 2007) (collecting cases finding that claims for reinstatement satisfy Ex Parte Young exception to Eleventh Amendment).

Additionally, upon further review of the proposed Second Amended Complaint, the Court revises its previous decision that there was no basis for the requested removal of the performance reviews. The Court based that decision on two conclusions: (1) the performance review allegedly conducted by Mr. Kiyonaga occurred more than 300 days before Plaintiff filed her Equal Employment Opportunity Commission complaint ("EEOC Complaint") and was therefore time-barred; and (2) the review Plaintiff received from Mr. Wood in 2009 was not accompanied by any

---

was, on its own, too vague to constitute available specific relief. Sept. Order at 12.

other consequences and therefore did not constitute a discrete adverse employment action. Sept. Order at 7-8.

As for the performance review conducted by Mr. Kiyonaga, the Court concluded that it must have been completed prior to September 17, 2008, the date that Mr. Kiyonaga left his position at DOB, and was therefore time-barred. Sept. Order at 8 n.2; see 42 U.S.C. § 2000e-5(e)(1). However, Plaintiff alleges that she did not learn of this negative review until October 29, 2008, when she met with Mr. Wood regarding her non-promotion. Second Am. Compl. at 7-8. Because a claim under the ADA accrues when a plaintiff "knew or had reason to know of the injury serving as the basis for [her] claim," Harris v. City of New York, 86 F.3d 243, 247 (2d Cir. 1999), Plaintiff's claim for retaliation based on Mr. Kiyonaga's review did not accrue until October 29, 2008. It therefore falls within the 300-day period prior to the filing of the EEOC Complaint on August 20, 2009. See Sept. Order at 8 n.2; Second Am. Compl. at 8. Accordingly, the Court finds that Plaintiff can premise a retaliation claim on Mr. Kiyonaga's review, and that the removal of the review could constitute appropriate injunctive relief should Plaintiff ultimately prevail in this action. See Malkan v. Mutua, No. 12-CV-236, 2012 WL 4722688, at *7-8 (W.D.N.Y. Oct. 3, 2012) (finding that request for clearing of personnel file is prospective relief not barred by Eleventh Amendment).

In the September Order, the Court found that the review Plaintiff received from Thomas Wood in 2009 did not constitute an adverse employment action because it was not "accompanied by any other consequences, such as the denial of a promotion, decreased wages, etc." Sept. Order at 8. Upon further review, the Court finds that Plaintiff alleges that the negative evaluations have interfered with her chances for promotion, Second Am. Compl. at 7, 9-11, 18, and therefore

9

constitute adverse action supporting a retaliation claim, cf. Byra-Grzegorczyk v. Bristol-Myers Squibb Co., 572 F. Supp. 2d 233, 252 (D. Conn. 2008) ("[N]egative performance reviews can be considered a part of an adverse action if the negative review leads to a plaintiff's demotion or termination."). As with the review by Mr. Kiyonaga, removal of the performance review by Mr. Wood may be appropriate relief should Plaintiff prevail.

Because Plaintiff has alleged sufficient facts supporting a retaliation claim, and has requested prospective injunctive relief, the Court has subject matter jurisdiction over her retaliation claim. See Henrietta D., 331 F.3d at 287-88. Amending the complaint as to the retaliation claim is therefore not futile.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Cross-Motion (Dkt. No. 20) for leave to file a Second Amended Complaint is **GRANTED in part** and **DENIED in part**, consistent with this Decision and Order. Plaintiff's Cross-Motion (Dkt. No. 20) is **GRANTED** to the extent the Second Amended Complaint alleges a retaliation claim and **DENIED** to the extent it alleges a discrimination claim. Plaintiff's discrimination claim shall be deemed stricken; and it is further

**ORDERED**, that the Clerk of the Court docket the Second Amended Complaint (Dkt. No. 20-2), which is now the operative pleading;[6] and it is further

---

[6] In light of Plaintiff's *pro se* status and because the Court granted in part and denied in part the Cross-Motion, the Court will accept for filing Plaintiff's signed proposed Second Amended Complaint. Therefore, Plaintiff is not required to submit an additional copy of the Second Amended Complaint.

**ORDERED**, that the Clerk of the Court issue a summons for the newly named Defendant Robert Megna and provide it to Plaintiff for service; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED**.

DATED:	December 11, 2013
	Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge